## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Desmond Ndambi. et al.,

                        Plaintiffs,

vs.

CoreCivic Inc.,

                        Defendant.

Case No. 1:18-cv-3521-RDB

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
## FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE

### Introduction

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 256(b), the limitations period

for claims of putative collective members runs until each individual member files a written

consent to join a collective action.  Mindful of the running statute of limitations, Plaintiffs filed

their motion for conditional certification and issuance of notice as soon as practicable after they

obtained documents reflecting Defendant's common policy of paying Plaintiffs and putative

collective members less than the legally required wage for their work.  *See* Exs. 4-6 to Pl. Br.

(ECF No. 43).  That Plaintiffs filed for conditional certification expeditiously should come as no

surprise in light of the running statute of limitations given: Plaintiffs' allegations that they seek

collective action status under 29 U.S.C. § 216(b) (Compl. ¶ 67; *see also id*. ¶¶ 55-66 ("FLSA

Collective Action Allegations")); and this District's clear precedent that certification is a two-

step process with the first step, the "notice" stage that "typically results in conditional

certification[,]" occurring *pre-discovery*. *Randoph v. PowerComm Constr. Inc.*, 7 F.Supp. 3d 561, 575-76 (D. Md. 2014); *Schilling v. Schmidt Baking Co., Inc.*, No. TDC-16-2498, 2018 WL 3520432, *2-3 (D. Md. July 20, 2018).

      In response, Defendant argues that Plaintiffs' request for conditional certification is premature in light of Defendant's pending motion to dismiss.  Def. Br. at 2-6.  Plaintiffs acknowledged in their opening brief that, while prompt notice of this lawsuit is in the interest of putative collective members, the Court may wish to first adjudicate the motion to dismiss, in which case Plaintiffs request that the Court equitably toll the statute of limitations.  Pl. Br. at 1-2. Defendant's argument that equitable tolling is not appropriate (Def. Br. at 6-11) ignores the facts and circumstances of this case.  Here, the short duration of the putative members' employment, the members' geographically dispersed locations, and the barriers they face to apprising themselves of their rights under the FLSA, among other facts and circumstances particular to this case, warrant equitable tolling should the Court defer resolution of Plaintiffs' motion for conditional certification.

### 1. The Putative Collective's Interest in Prompt Notice is Heightened Due to Facts Particular to This Case.

      Prompt notice is necessary to secure Plaintiffs' rights under the FLSA in light of the running statute of limitations.  Pl. Br. at 4-5.  Defendant argues that the members of the putative collective are not "at the mercy of the statute of limitations" because those who are aware of this action can move to intervene, and those who are not aware of it can nevertheless commence their own action.  Def. Br. at 5-6.  This argument undermines the purpose of collective actions— "lower individual costs to vindicate rights by pooling resources" for litigation and "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity" for the judicial system.  *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170

(1989); *see also Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 861 (N.D. Ill. 2013) ("Defendants' contention that potential opt-ins could have joined in or brought their own lawsuit . . . ignores the realities of FLSA claims . . . [and] would go against ever applying equitable tolling to a potential opt-in.").

Moreover, in this case, the workforce comprising the putative collective is not one where its members would become aware of this action and move to intervene, or otherwise commence their own action.  Absent Court-approved notice, those putative collective members currently in administrative detention and with limited contact outside of the institution are unlikely to become aware of this action (for example, through the word of mouth that occurs with a permanent or non-transient workforce).  Nor will the putative collective members who were formerly detained at Cibola—some were removed from the United States after their detention and therefore live abroad (Compl. ¶ 21), while others remain in the United States (*id.*) but are geographically dispersed.  For example, Plaintiff Ndambi is a resident of Maryland (*id.* ¶ 9) and Plaintiffs Abi and Awombang reside in Ohio (*id.* ¶¶ 11, 13).

Similarly, putative collective members who are not aware of the action face barriers to commencing their own action—for example, because they remain in administrative detention, live abroad, or are reasonably unaware that United States law offers a remedy given that their employment occurred during their administrative detention by the United States and/or their lack of familiarity, as immigrants, with the employment laws of the United States.  Likewise, the short duration of the putative collective members' employment by Defendant (discussed *infra*, Section 3) makes it unlikely that they can secure counsel to pursue their individual claims.  As a result, in this case, putative collective members' interest in receiving prompt notice so that they may learn of, and join, this action is especially high.

3

2. **Equitable Tolling Can, and Should, be Addressed Prior to Issuing Notice to Potential Members of the Collective.**

Defendant's argument that a request for equitable tolling on behalf of the putative class is premature until Defendant asserts a statute of limitations defense (Def. Br. at 7) is inconsistent with the many cases that grant equitable tolling prior to issuing notice to a collective and in the absence of such a defense. *See, e.g., Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 171 (S.D.N.Y. 2014) ("[T]he Court declines to adopt a piecemeal approach to equitable tolling, which would waste judicial resources, further delay resolution of this action, and contravene the purposes of FLSA."); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181-82 (D. Colo. 2012) (granting equitable tolling prior to conditional certification); *Schilling*, 2018 WL 3520432, *7-8 (concurrently granting conditional certification and equitable tolling); *Ruffin v. Ent. of the Eastern Panhandle*, No. 3:11-CV-19, 2012 WL 28192, *2  (N.D. W.Va. Jan. 5, 2012) (granting equitable tolling where claims of putative opt-in plaintiffs could become time-barred before those potentially similarly-situated individuals received notice of the action); *Chapman v. Ourisman*, No. AW-08-2545, 2009 WL 10685449, * 4 (D. Md. April 14, 2009) (concurrently granting conditional certification and equitable tolling); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 06-0715SC, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (same).  As Judge Chuang recently noted in *Schilling*, "the vast majority of courts" have allowed named plaintiffs to request equitable tolling for putative members of an FLSA collective action.  *Schilling*, 2018 WL 3520432, at *7.

Defendant's argument that the Court should not address equitable tolling until Defendant raises a statute of limitations defense is also inconsistent with the requirement for accurate notice.  Pl. Br. at 9.  If notice is issued in this case, it must specify the temporal limits of the action so that potential collective members can determine if they are in fact members of the

4

collective and, if they so desire, opt-in to this suit.  Accordingly, Plaintiffs' request for equitable

tolling should be considered before any notice is issued to the collective.

### 3. In the Event the Court Defers Decision on Plaintiffs' Conditional Certification Motion, Equitable Tolling is Warranted Based on the Facts and Circumstances of this Particular Case.

Like all federal statutes, the doctrine of equitable tolling is read into to the FLSA.

*See U.S. v. $57,960.00 in U.S. Currency,* 58 F. Supp. 2d 660, 664 (D.S.C.1999) (citing *Holmberg*

*v. Armbrecht,* 327 U.S. 392, 397 (1946)).  Equitable tolling is generally available when "the

plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the

part of defendant," or when "extraordinary circumstances beyond plaintiffs' control made it

impossible to file the claims on time."  *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014)

(citation and quotations omitted).  But the Fourth Circuit has made clear that equitable tolling is

"'a discretionary doctrine that turns on the facts and circumstances of a particular case [and] does

not lend itself to bright-line rules.'"  *Schilling*, 2018 WL 3520432, at *6 (quoting *Harris v.*

*Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (alteration in original).)

Plaintiffs do not take the position, as Defendant suggests, that motion practice is "*per se*

extraordinary" (Def. Br. at 9), or that there has been any delay to date in ruling on Plaintiffs'

motion, much less "significant" delay (*id.* at 10).  Nor do Plaintiffs argue that reasonable

diligence, alone, warrants equitable tolling.[1]  *Id.* at 10-11.  Rather, Plaintiffs submit that, if the

---

[1] While Plaintiffs do not suggest that reasonable diligence, alone, warrants equitable tolling, Plaintiffs acknowledge that reasonable diligence is required.  Pl. Br. at 14.  Defendant's attempt to cast doubt on Plaintiffs' diligence (Def. Br. at 10-11) is unfounded.  Plaintiffs filed their complaint on November 14, 2018 (ECF No. 1), and – after investigating and devising a plan for conditional certification – requested the CoreCivic policy documents on which their motion relies to show a common policy that extended beyond Plaintiffs and to Defendant's civil-detainee workforce as a whole through an open records request a mere one-month later (Dec. 19, 2018).  As noted in Plaintiffs' opening brief, Plaintiffs received those documents on January 18, 2019 and acted diligently in filing for conditional certification within a reasonable time thereafter (on February 26, 2019).  Pl. Br. at 14.

5

Court should defer Plaintiffs' motion for conditional certification and issuance of notice, that delay amounts to an extraordinary circumstance that justifies equitable tolling of the statute of limitations *in light of the particular facts and circumstances of this case*.

First, the putative collective is transitory in nature—the average length of stay in ICE custody was approximately 35 days in 2015.  U.S. Department of Justice, *Report and Recommendations Concerning the Use of Restrictive Housing*, at 88 (Final Report) (Jan. 2016) ("The average length of stay in ICE custody [in FY2015] was 34.4 days."); *see also* Pl. Br. at 11, n. 5 (Named Plaintiffs' length of stay ranging from 3-6 months).  As the duration of the putative collective members' work for Defendant is no more than their length of stay, absent equitable tolling, putative collective members risk losing their entire right of action should the Court defer ruling on conditional certification and the issuance of notice.

 Courts have equitably tolled the statute of limitations in FLSA cases to prevent exactly that outcome.  For example, in *Ruffin*, the court sought to determine an FLSA setoff issue prior to ruling on conditional certification.  2012 WL 28192, at * 2.  The court equitably tolled the statute of limitations because, in the interim, the claims of putative opt-in plaintiffs "could become time-barred before those potentially similarly-situated individuals receive notice of this action"—a circumstance that was "beyond those individuals' control."  *Id.*; *see also Stransky*, 868 F. Supp. 2d at 1181-82 (concluding that "the statute of limitations should be equitably tolled [] in the interest of justice in order to protect the Opt-in Plaintiffs' diminishing claims")*; Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, No. CV08-083, 2008 WL 4446539, at *22 (D. Ariz. Sept. 30, 2008) ("If not tolled, the statute of limitations could act to deprive consenting employees of their right of action.").

2487297 v2

Second, the risk that a putative collective member loses his or her entire right of action or a substantial portion of it is particularly acute here.  As discussed above (*supra* Section 1), because putative collective members are either in detention or scattered abroad and throughout the United States, they are unlikely to become aware of this action, or their ability to seek a remedy under the FLSA, on their own.  *See David v. Signal Int'l, LLC*, No. 08-1220, No. 12-557, 2013 WL 12230871, *2 (E.D. La. Aug. 28, 2013) (concluding that, among other things, language barriers and the fact that members reside throughout the United States and abroad favored equitable tolling of various federal and state claims).  This is especially true given that the putative collective members are immigrants and therefore have no reason to be familiar with the employment laws of the United States.  *Cf. Leon v. Pelleh Poultry Corp.*, No. 10 Civ. 4719, 2011 WL 4888861, *3 (S.D.N.Y. Oct. 13, 2011) (noting that the plaintiffs, immigrant Latino manual workers routinely working more than 40 hours a week, were unlikely to learn of their legal rights without the required posted notice in light of the "complex web of labor and social legislation that governs the modern workplace") (citation omitted).

Finally, Defendant's argument that it will be prejudiced if the statute of limitations is equitably tolled because the collective action may include more members and claims (Def. Br. at 11) falls flat.  When courts consider the prejudice to a defendant from equitable tolling, they consider whether the defendant was on notice of the potential scope of their liability.  *See Kellgren v. Petco Animal Supplies, Inc.*, No. 13cv644-L, 2014 WL 2558688, *5 (S.D. Cal. June 6, 2014) ("Petco is not unfairly prejudiced because the potential scope of its liability was known when the Complaint was filed…"); *Yahraes v. Restaurant Assoc. Events Corp.*, No. 10-CV-935, 2011 WL 844963, *3 (E.D.N.Y. March 8, 2011) ("[D]efendants will not be prejudiced by any tolling because they have been on notice since the complaint was served in March, 2010, that

7

they were potentially liable for 2007 FLSA claims.").  That approach is consistent with the

purpose of statutes of limitation – *i.e.*, to ensure fairness to defendants and to notify them of

claims that they must defend before the claims grow stale, *Burnett v. New York Cent. R.R. Co.*,

380 U.S. 424, 428 (1965).  Here, Defendant has been aware of the potential scope of its liability

under the FLSA since the filing of the Complaint, and equitable tolling would not expand the

scope of Defendant's liability beyond the allegations of the Complaint.

      As a practical matter, if Defendant's motion to dismiss *is* granted, there is no prejudice to

Defendant from equitable tolling.  And if Defendant's motion to dismiss is *not* granted, then

equitable tolling will have served the remedial purpose of the FLSA, *see Schultz v. Capital Int'l*

*Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006), by ensuring that those class members whose FLSA

claims might extinguish during the time the (unsuccessful) motion to dismiss was pending do not

lose their rights.

March 26, 2019                                  Respectfully submitted,


                                              */s/ Joseph M. Sellers*
                                              Joseph M. Sellers (#06284)
                                                D. Michael Hancock (*pro hac vice*)
                                                Stacy N. Cammarano (*pro hac vice*)
                                                Cohen Milstein Sellers & Toll PLLC
                                                1100 New York Ave. NW, Suite 500
                                                Washington, DC 20005
                                                (202) 408-4600
                                              jsellers@cohenmilstein.com
                                              mhancock@cohenmilstein.com
                                              scammarano@cohenmilstein.com


                                              Robert S. Libman (*pro hac vice*)
                                              Nancy Maldonado (*pro hac vice*)
                                              Deanna Pihos (*pro hac vice*)
                                              Benjamin Blustein (*pro hac vice*)
                                              Matthew J. Owens (*pro hac vice*)

8

2487297 v2

Miner, Barnhill & Galland, P.C.
325 North LaSalle Street, Suite 350
Chicago, IL 60654
312-751-1170
rlibman@lawmbg.com
nmaldonado@lawmbg.com
dpihos@lawmbg.com
bblustein@lawmbg.com
mowens@lawmbg.com


R. Andrew Free (*pro hac vice*)
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
844-321-3221x1
andrew@immigrantcivilrights.com


***Attorneys for Plaintiffs and the Proposed Class***

9