IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DESMOND NDAMBI *et al.*,       *

   Plaintiff,       *

                           Civil Action No. RDB-18-3521

v.       *

CORECIVIC, INC.,       *

   Defendant.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiffs are former Immigration and Customs Enforcement (ICE) detainees who were held at the Cibola County Correctional Facility ("Cibola") in New Mexico while awaiting civil immigration proceedings. (Compl. ¶¶ 1-3, ECF No. 1.) They bring this purported class action against Defendant, CoreCivic Inc. ("CoreCivic"), who owns and operates the detention facility where Plaintiffs were held pursuant to an Intergovernmental Service Agreement between ICE and Cibola County. (*Id.* at ¶ 19.) Defendant operates a work program at Cibola where detainees are permitted to voluntarily perform work duties in the facility. (*Id.* at ¶ 26.) Plaintiffs participated in this work program at Cibola. (*Id.* ¶¶ 34-54.) Plaintiffs filed a complaint in this Court based on federal question, diversity, and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331[1], 1332[2], and 1367[3]. (*Id.* at ¶¶ 4-8.) Plaintiffs allege they were

---

[1]     29 U.S.C. § 206 (Fair Labor Standards Act) is a Federal Statute.
[2]     Defendant is organized under Maryland Law, and at least one class member of the purported class action is of diverse citizenship from Defendant.
[3]     This Court has supplemental jurisdiction over the New Mexico State law claims as they arise out of the same occurrence as the alleged Federal claim.

employees of CoreCivic under the Fair Labor Standards Act ("FLSA") and New Mexico Minimum Wage Act ("NMMWA") and were paid at a rate below that which is required by the FLSA and NMMWA and that the Defendant was unjustly enriched by these alleged violations. (*Id.* at ¶¶ 89-110) Defendant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiffs' claims should be dismissed as the Plaintiffs were not "employees" under the FLSA and NMMWA and, thus, not required to be paid minimum wage. (Mot. Mem. 1, ECF No. 36-1.)

Now pending before this Court is Defendants' Motion to Dismiss (ECF No. 36) and Plaintiffs' Motion for Conditional Certification and Issuance of Notice (ECF No. 43). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). As discussed below, Plaintiffs cannot be considered "employees" of the Defendant during their detention. Therefore, this Court shall GRANT Defendant's dismissal motion, and Plaintiffs' motion for certification shall be DENIED AS MOOT.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, a court " 'must accept as true all of the factual allegations contained in the complaint' " and must " 'draw all

reasonable inferences [from those facts] in favor of the plaintiff.' " *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I.  Plaintiffs were not employees under the FLSA and NMMWA as they were detainees being held in anticipation of civil immigration proceedings.**

Plaintiffs contend that they were entitled to be paid a minimum wage by the Defendant for work program they engaged in while being held as detainees at Cibola. Plaintiffs allege that they were employees, as defined by the FLSA and NMMWA, and that, as employees, Defendant was required to pay them the minimum wage as set by the federal government and the State of New Mexico. (Compl. at ¶¶ 34-54, ECF No. 1.) Defendant argues that the Plaintiffs were not employees, as they were detainees being held in custody pending civil immigration proceedings and the economic reality of the detention could not have given rise to an employment relationship as contemplated by the FLSA and NMMWA. (Mot. Mem. 12, ECF 36-1.)

Both the FLSA and NMMWA require employers to compensate employees for all hours worked at a rate that is not less than the minimum wage. 29 U.S.C. § 206(a)(1); NM ST § 4-22. The FLSA and NMMWA only apply to "employees." 29 U.S.C. § 206(a)(1); NM ST § 4-22. The definition of employee in the FLSA and NMMWA are similar. *Garcia v. American Furniture Co.*, 689 P.2d 934, 937 (N.M. Ct. App. 1984) (noting that the definition of "employ" was almost identical in the New Mexico statute as in the FLSA). Courts generally look to the "economic reality" of an individual's status in determining whether they are an "employee."

*Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961). The Fourth Circuit has held that prisoners are not "employees" under the FLSA. *Harker v. State Use Industries*, 990 F.2d 131, 133 (4th Cir. 1993). The Fifth Circuit has held that civil immigration detainees, like prison inmates, are not "employees" as contemplated by the FLSA. *Alvarado Guevara v. I.N.S.*, 902 F. 2d 394, 396 (5th Cir. 1990).

In this case, Plaintiffs cannot be considered "employees" as defined by the FLSA or NMMWA. CoreCivic, under the Intergovernmental Service Agreement, was required to offer a voluntary work program for ICE detainees at Cibola. (Def. Mot. to Dismiss at 2 ECF No. 36-1.) Plaintiffs were incarcerated detainees in this facility awaiting civil immigration proceedings and engaged in work offered by the Defendant on an entirely voluntary basis through this program. (Compl. at ¶¶ 34-54 ECF No. 1.) The economic reality of the Plaintiffs' situation is almost identical to a prison inmate and does not share commonality with that of a traditional employer-employee relationship. Accordingly, Plaintiffs were not "employees" of the Defendant during their detention.

**II.       As Plaintiffs were not employees under the FLSA and NMMWA, their claims against CoreCivic pursuant to these laws (Counts I and II) must be dismissed.**

In order to bring a claim under the FLSA or NMMWA, Plaintiffs must show that they are employees of the Defendant. 29 U.S.C. § 206(a)(1); NM ST § 4-22. In this case, Plaintiffs, as detainees, were not employees of CoreCivic and are not entitled to bring a claim against the Defendant under the FLSA or the NMMWA. As a result, Plaintiffs' claims under the FLSA and NMMWA shall be DISMISSED WITH PREJUDICE.

**III.      As Defendant's actions were lawful, Plaintiffs claim of unjust enrichment (Count III) must be dismissed.**

Plaintiffs also allege that Defendant's use of their labor constitutes unjust enrichment in violation of New Mexico law. (Compl. at ¶¶ 105-10 ECF No. 1.) To prevail in an unjust enrichment claim ". . .one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co., Inc. v. Sanchez*, 3 P.3d 695, 698 (N.M. Ct. App. 2000).

The Plaintiffs' claim of unjust enrichment against CoreCivic is entirely dependent on CoreCivic's alleged violation of the FLSA and NMMWA. (Compl. ECF No. 1 at 21-22.) As Defendant's actions in this case were not in violation of the FLSA or NMMWA since the Plaintiffs were not "employees", Plaintiffs' claim of unjust enrichment is not cognizable and shall be DISMISSED WITH PREJUDICE.

## IV. Plaintiffs' Motion for Conditional Certification and Issuance of Notice must be denied as moot.

As the Plaintiffs have no cognizable claims, it is not necessary for this Court to analyze the issue of conditional certification. Accordingly, the Plaintiffs' Motion for Conditional Certification and Issuance of Notice shall be DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED this 27th day of September 2019 that:

1. Defendant's Motion to Dismiss (ECF No. 36) is GRANTED;
2. Plaintiffs Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;
3. Plaintiffs Motion for Conditional Certification and Issuance of Notice (ECF No. 43) is DENIED AS MOOT;
4. The Clerk of Court shall transmit a copy of this Order to counsel of record;
5. The Clerk of Court shall CLOSE THIS CASE.

_____/s/_____
Richard D. Bennett
United States District Judge